943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Kirk DOTY, Defendant-Appellant.
 No. 90-5866.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 12, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-66-C)
 George V. Laughrun, II, Goodman, Carr, Nixon & Laughrun, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, H. Thomas Church, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dennis Kirk Doty pled guilty to conspiracy to possess more than 1,000 kilograms of marijuana with intent to distribute (21 U.S.C. §§ 841 and 846). He appeals the sentence imposed, contending that he was incorrectly classified as a career offender and that he should have been afforded counsel at the presentence interview with the probation officer. We affirm.
 
 
 2
 Doty argues that because one of his prior felony drug offenses was an attempt it does not come within the definition of a controlled substance offense set out in U.S.S.G. § 4B1.2 and should not have been used to classify Doty as a career offender. Although the commentary to section 4B1.2 explains that attempts are included, Doty asserts that it can be disregarded. However, section 1B1.7 (Significance of Commentary) states that failure to follow explanatory commentary can constitute an incorrect application of the guideline and be a reason for reversal on appeal. The district court correctly followed the guideline and commentary in finding Doty a career offender.* We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.
 
 
 
 *
 Doty maintains here that his two prior drug offenses were related cases. He did not present this argument to the sentencing court and it is not properly before this Court. Because the prior convictions were in quite separate jurisdictions and no convincing evidence of a common plan has been offered, no plain error appears
 Doty also urges this Court to hold that the sixth amendment requires that a defendant be given the option of having counsel present during his presentence interview with the probation officer. He concedes that he did not request counsel's presence and he does not identify any harm which resulted from the lack of counsel during the interview. The issue was not raised before the district court and is not properly raised on appeal. We note that since the sentencing guidelines took effect one circuit has held that the presentence interview is not a critical stage of the trial proceeding, and the sixth amendment does not require counsel's presence. United States v. Jackson, 886 F.2d 838, 843-45 (7th Cir.1989).